IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWIN KENNER LYON § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-10-CV-0899-B-BD |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Edwin Kenner Lyon, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

An Ellis County grand jury indicted petitioner for indecency with a child. The victim was his five year-old granddaughter. After rejecting a plea offer for an eight-year prison sentence, petitioner was convicted by a jury and sentenced to 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Lyon v. State*, No. 10-07-00251-CR, 2008 WL 2133065 (Tex. App. -- Waco, May 21, 2008, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Lyon*, WR-73,098-01 (Tex. Crim. App. Apr. 28, 2010). Petitioner then filed this action in federal district court.

II.

In one broad ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) failed to request a hearing to test the reliability of statements made

by the victim to an outcry witness; (2) did not object to the hearsay testimony of three other witnesses; (3) failed to challenge the qualifications of a child sex abuse expert who testified for the state; (4) did not object to improper bolstering testimony elicited from a CPS investigator; (5) failed to voir dire the jury panel on the presumption of innocence and the necessity of proving guilt beyond a reasonable doubt; and (6) did not call Alice Gladney as a defense witness.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v.*

*Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 2011 WL 1812764 (5th Cir. May 12, 2011). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, \_\_\_ U.S. \_\_\_, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application

of that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

B.

Petitioner criticizes his attorney for failing to request a hearing to test the reliability of statements made by the victim to Teresa Evans, a forensic interviewer at the Ellis County Children's Advocacy Center, who testified as an outcry witness. At trial, Evans testified that the victim told her that petitioner, who she referred to as "Paw Paw" or "Papa," touched her "private" while they watched television in bedroom of his house. (*See* SF-VI at 21-22). The victim explained that the touching occurred "on her skin . . . in a rubbing manner[,]" (*see id.* at 22), and demonstrated the inappropriate touching to Evans. (*Id.* at 23). When shown an anatomically correct drawing of a young girl, the victim identified the vaginal area as "private." (*Id.* at 19-20 & St. Exh. 1). Although defense counsel objected to this testimony on various grounds, including hearsay, (*see id.* at 19-21),[1] he did not request a hearing to determine whether the victim's outcry statements were admissible.

Under Texas law, outcry statements made by the child-victim of certain enumerated sexual offenses, including indecency with a child, are not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

---

[1] Counsel also objected that Evans was not a proper outcry witness. (*See* SF-VI at 20). However, Evans was "the first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense[.]" TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (Vernon 1995); *see also Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (outcry witness must be the first person to whom the child makes a statement "that in some discernible manner describes the alleged offense"). Although the victim previously indicated to her foster mother, Robyn Blount, that her grandfather touched her vaginal area, she did not give any details about the touching. (*See* SF-VI at 54, 57-58). By contrast, the victim described the incident to Evans in great detail. (*See id.* at 19-23).

> > (C) provides the adverse party with a written summary of the statement;
>
> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>
> (3) the child . . . testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b) (Vernon 1995). In this case, the prosecutor timely identified Teresa Evans as a potential outcry witness, and provided defense counsel with a written summary of the statements made by the victim to Evans. *Ex parte Lyon*, WR-73,098-01, Supp. Tr. at 18-19. The victim also testified at trial and identified petitioner as the person who touched her "private." (*See* SF-VI at 49). Nothing in the record suggests that the victim's outcry statement to Evans was unreliable "based on the time, content, and circumstances of the statement." Even if counsel requested a hearing under section 38.072, there is no reason to believe that the trial court would have found the victim's outcry statement unreliable.

C.

Nor has petitioner shown that counsel was ineffective for failing to object to the hearsay testimony of three other witness -- Robyn Blount, Caroline Von Helms, and Waxahachie Police Officer Bobby Gray. Blount, the victim's foster mother, testified that the victim told her that she had been "touched" by her grandfather. (*See id.* at 54, 57-58). Von Helms, a licensed professional counselor, testified about statements made by the victim during a therapy session. At one point during the session, the victim told Von Helms that her "father's father" touched her below her clothes, and showed Von Helms exactly where the touching occurred by coloring the genitals of a doll that she drew on a white board. (*Id.* at 62). Gray testified that the victim told him the abuse took place "at her dad's dad's house[.]" (*Id.* at 31).

In an affidavit submitted to the state habeas court, defense counsel explained why he did not object to any of this testimony on hearsay grounds:

> In most cases, the question asked did not call for hearsay. Once the answers that included hearsay were given, the answers did not introduce any new information and I chose not to object and call greater attention to the answers. I also reasonably believed that the trial court would overrule any hearsay objections because the child would be testifying. In my experience in that court, the trial judge typically makes such a ruling on that basis. In addition, I decided to allow other witnesses to relate information from the child so that any inconsistencies could be highlighted. I believe my decision not to object was reasonable trial strategy.
>
> The defensive theory involved showing the jury that there were other men who could have been called "PaPa" by the victim, including another biological grandfather and the father of the foster father. I also argued that the alleged timing could implicate the foster father's father rather than my client. Finally, I argued that the State failed to prove the requisite intent.

*Ex parte Lyon*, WR-73,098-01, Supp. Tr. at 23. Based on this explanation, the state habeas court found that counsel's decision not to make hearsay objections was the result of reasonable trial strategy and, in any event, petitioner was not prejudiced in light of the testimony of Teresa Evans and the victim -- both of whom described the inappropriate touching in far more detail. *See Ex parte Lyon*, WR-73,098-01, Supp. Tr. at 31, ¶¶ 23-25.

The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1417 (2004). A conscious and informed decision on trial tactics cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753, quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.), *cert. denied*, 123 S.Ct. 549 (2002).

Here, petitioner has not shown that the strategy employed by his attorney was in any way deficient. Given the testimony of Teresa Evans, who told the jury that the victim identified her assailant as "Paw Paw or Papa" (*see* SF-VI at 21), and the testimony of the victim, who said that she did not know the name of the person who touched her, (*see id.* at 47-48), counsel's attempt to establish that the petitioner may have been misidentified was sound trial strategy. Moreover, any hearsay testimony from Blount, Von Helms, and Gray was cumulative of other evidence properly admitted in the case. Consequently, petitioner was not prejudiced by the admission of this testimony. *See Proffitt v. Dretke*, No. C-05-186, 2005 WL 2388263 at *8 (S.D. Tex. Sept. 28, 2005), *rec. adopted*, 2006 WL 3759890 (S.D. Tex. Dec. 18, 2006) (citing cases) (in Texas, the admission of hearsay is harmless error if other evidence that proves the same fact is admitted at trial without objection).

D.

Next, petitioner argues that his attorney should have challenged the qualifications of Von Helms, who testified about the characteristics of child sex abuse victims and whether the conduct of the victim in this case was typical of children who had been sexually abused. (*See* SF-VI at 60-65). Von Helms is a licensed professional counselor and a licensed marriage and family counselor who has treated many sexually abused children. (*See id.* at 59). She holds a master's degree in marriage and family counseling and has worked as a licensed professional counselor since 2000. (*Id.*). To obtain a license, Von Helms completed 3,000 supervised hours of counseling and took a licensing exam. (*Id.*). Texas courts have allowed witnesses with similar qualifications to testify as an expert in cases involving child sex abuse. *See Carey v. Quarterman*, No. 3-06-CV-2184-K, 2008 WL 4061420 at *5 (N.D. Tex. Aug. 24, 2008), *COA denied*, No. 08-10960 (5th Cir. Jul. 29, 2009) (citing cases). Had counsel objected to the qualifications of Von Helms, the objection likely would have been overruled. Counsel was not ineffective for failing to make this meritless objection. *See*

*Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a meritless objection cannot be grounds for ineffective assistance of counsel).

E.

Petitioner also contends that his attorney should have objected to bolstering testimony elicited from Bethany Jackson, a CPS investigator. Under Texas law, "bolstering" is the improper use of additional evidence to add credence or greater weight to earlier, unimpeached evidence offered by the same party. *See Goodspeed v. Director, TDCJ-CID*, No. 5-06-CV-294, 2010 WL 148408 at *6 (E.D. Tex. Jan. 12, 2010), *citing Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993). "[E]vidence that corroborates another witness' story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally *further* tendency to establish a fact of consequence, should not be considered 'bolstering.'" *Cohn*, 849 S.W.2d at 820 (emphasis in original). At trial, Jackson testified that she watched a video of the victim's interview at the Children's Advocacy Center, and spoke to petitioner and the victim's biological parents. (*See* SF-VI at 37-39). Based on her investigation, Jackson said that she found "reason to believe" that petitioner abused the victim. (*Id.* at 39-40). There was nothing improper about this testimony.

F.

With respect to the voir dire conducted by defense counsel, there was no need to question the jury panel about the presumption of innocence and the necessity of proving guilt beyond a reasonable doubt. The record shows that both issues were adequately addressed by the prosecutor and the court during voir dire. (*See* SF-V at 13-14, 57, 62-63, 79-81, 95-96, 103-06). Petitioner does specify what additional questions should have been asked by defense counsel or explain how he was prejudiced by counsel's failure to ask such questions. His conclusory allegations do not merit habeas relief. *See*

*Coker v. Thaler*, 670 F.Supp.2d 541, 552-53 (N.D. Tex. 2009) (citing cases), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010).

## G.

Finally, petitioner contends that his attorney should have called Alice Gladney to testify that there was no television in the bedroom where the sexual abuse allegedly occurred. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* Here, there is no evidence that Gladney was available to testify at petitioner's trial and would have done so. Without such evidence, petitioner is not entitled to habeas relief. *See Mumphrey v. Thaler*, No. 3-09-CV-1816-N, 2010 WL 1233541 at *4 (N.D. Tex. Feb. 19, 2010), *rec. adopted*, 2010 WL 1233545 (N.D. Tex. Mar. 29, 2010), *COA denied*, No. 10-10380 (5th Cir. Sept. 15, 2010), *cert. denied*, 131 S.Ct. 1497 (2011).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 3, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE